CASE 55—PETITION EQUITY—NOVEMBER 24.

# The People's Mutual Assurance Fund of Louisville, Ky., v. Boesse.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. REINSURANCE—TRANSFERRED RISK.—In this action upon a policy of insurance which recites that it is issued "for and in consideration, and upon the faith of" the statements and warranties contained in an application for insurance to a certain company, whose risks the defendant had undertaken by contract to reinsure, the defendant will not be

The People's Mutual Assurance Fund of Louisville, Ky., v. Boesse.

permitted to show that the policy was issued upon the faith . of a "health certificate" executed by the insured at the time of the issual of the policy, as this would be to show an inconsistent, and not merely an additional, consideration.

2. PLEADING—FACTS NOT ADMITTED BY DEMURRER.—The denial of defendant in its answer that the insurance was transferred, being inconsistent with the statement in its policy to which the answer refers, can not upon demurrer be taken as true, there being no allegation of fraud or mistake.

3. PLEADING CONCLUSION.—The denial of defendant that plaintiff was in good standing in the old company at the time of its contract with defendant was but the conclusion of the pleader, and therefore insufficient.

4. ACCEPTANCE OF TRANSFERRED INSURANCE.—The written request of the assured to the defendant for a transfer of the insurance was an acceptance by her in advance of insurance with defendant.

KOHN, BAIRD & SPECKERT FOR APPELLANT.

1. The conclusive effect of recitals in deeds and contracts is restricted to the recital of things in particular as being in existence at the time of its execution, and does not extend to the mention of things in general terms. (1 Greenleaf on Evidence, vol. 1, sec. 26.)

2. The representations made by an assured on an application for a policy constitute the foundation of the contract, but are no part of it unless so embodied as to make them warranties. (Bacon on Benefit Societies and Life Insurance, sec. 206; 2 Kent's Com., sec. 282; Kimball v. Ætna Ins. Co., 9 Allen, 540; Campbell v. New England, 98 Mass., 389; Glendale Mfg. Co. v. Protection Ins. Co., 21 Conn., 31-2; Alabama Gold Life Ins. Co. v. Johnston, 80 Ala., 475.)

3. A consideration not mentioned in a writing may be proved if not inconsistent with it. (Greenleaf on Evidence, secs. 285, 304.)

4. Contracts for reinstatement of policies are upheld by the courts, and representations then made are a part of the contract. (Nat. Mut. Benefit Assurance v. Jones, 84 Ky., 116; Metropolitan Life Ins. Co. v. McTague, 9 Atlantic Rep., 766.)

5. Objection to inconsistent defenses not reached by general demurrer but by motion to strike out. (Civil Code, secs. 4 and 113; Hood v. Chandler, 13 B. M., 403.)

DODD & DODD FOR APPELLEE.

The insured is not in "good standing" within the meaning of an insurance policy unless he has promptly paid the premiums, dues and assessments. (Bacon on Benefit Societies, sec. 414; McMurry v. Supreme Lodge, K. of H., 20 Fed. R., 107; 28 Mo. App., 463; 78 Ind., 110; 30 Fed. R., 592.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

In 1880 three thousand dollars of insurance was taken out in the Presbyterian Mutual Assurance Fund, of Louisville, Ky., upon the life of Anna K. Boesse, payable to her husband, the appellee, John Boesse, at her death.

The policy was kept in force by the regular payment of the premiums, and on January 25, 1888, the company desired to quit business. A contract was therefore then made between it and the appellant, the People's Mutual Assurance Fund of the same city, by which, in consideration of the first-named company turning over its risks to the appellant, the latter agreed " to reinsure all the present existing certificates, now in full force, which have been issued by the first party to certificate-holders now in good standing, and to deliver to each of said 'certificate-holders a policy of insurance in the party of the second part, the said certificate-holders first agreeing to accept said policies and to pay the party of the second part for insurance at the following rates:   *   *   *   The party of the second part hereby binds itself to cause to be executed and issued its policy, immediately, to each holder of a certificate in the party of the first part, who may be in good standing in said first party, accompanied by a written or printed statement or agreement, to be signed by said certificate-holder accepting said policy so sent him, her or them, but in no case shall the party of the second part be liable upon the policy so issued until the person or persons to whom the same may be sent shall have signed the agreement or acceptance aforesaid, and delivered the same to the party of the second part at its office in Louisville, Ky., or mailed the same addressed

to said second party at Louisville, Ky., within one week from the receipt of said policy.

" The party of the first part binds itself to pay over to the party of the second part all money received by it upon its outstanding certificates from and after this date in all cases where the policies of the second party shall be accepted, the said money to be used by the second party in protecting the risks incurred in issuing the policies aforesaid."

February 16, 1888, the appellant, at the instance of Anna K. Boesse, issued a policy upon her life for three thousand dollars, payable at her death to her husband. She died November 14, 1888. This action is to recover the three thousand dollars, and an unearned premium, which the insured paid before it fell due, and which was not due at her death.

A demurrer was sustained to the answer, and judgment rendered for the appellee upon the pleadings. The orders in the case show that two amended answers were tendered and rejected by the court. They can not be considered, however, as they have not been copied into this record. Indeed they do not appear to have been made a part of the record, either by agreement or bill of exceptions. The defense which the appellant's counsel claim is presented is, that the risk taken by it was not a transferred one from the other company; that an executed policy and a written acceptance of the insurance, to be signed by the assured, were sent to and received by her, but the latter was not returned to the company; that thirteen days thereafter, and when she had forfeited all right under the contract between the two companies to transferred insurance, she made personal application to

294          KENTUCKY REPORTS.          [Vol. 92.

The People's Mutual Assurance Fund of Louisville, Ky., v. Boesse.

the appellant for insurance; that she was then rejected as a transferred risk, but received as a member upon the faith of her written statement, denominated a "health certificate," then made, that she was in good health and free from disease, which was untrue. All this is not, however, by any means set up in the answer. It avers that a *blank* policy was sent to her, together with a form accepting insurance with the appellant, and which she should have signed and returned within a week, but which she did not do. Under the contract, however, she was entitled to an executed policy. But even if the appellant's pleadings averred all that is claimed, yet the admitted averments of the petition, and the facts shown by the undenied exhibits filed with it, as well as those filed with the answer, show as an admitted fact that the policy was issued under and by virtue of the contract between the two companies, by which the appellant had no right to exact any statement as to the health of the insured, but was bound to take the risk if the assured was in good standing in the old company and her certificate in force at the time of the making of the contract between the two companies. The policy issued by the appellant shows it was a transferred risk. It recites: "For and in consideration of, and upon the faith of the statements and warranties contained in the application for insurance to the Presbyterian Mutual Assurance Fund,    *    *    *    which is hereby referred to and made part of this contract," etc. No reference whatever is made in it to the statement then made by the assured called the "health certificate," which is filed with the answer, and which also shows the risk was a transferred one, because it con-

tains a request by the assured to transfer her insurance in the original company to that of the appellant. It shows upon its face that it was not an application for new insurance. The undenied exhibits show that after the policy of the appellant had been delivered it notified the assured upon several occasions.when the premium would be due, and that it received three quarterly premiums from her and receipted to her for them. This is also averred in the petition, and not denied by the answer. As it was clearly a transferred risk, this would have operated as a waiver of the right of the company to a written acceptance by the assured of the insurance within a week after the receipt of an executed policy, even if such a one, together,with a form of acceptance, had been sent to her. The conduct of both parties shows that it was accepted, transferred insurance.

The written statement of the assured to the appellant, in what is called the " health certificate," that she desired a transfer of the insurance, was an acceptance by her in advance of insurance with the appellant.

In addition to all this it is an admitted fact by the pleadings, that in an action settling the affairs of the Presbyterian Mutual Assurance Fund, the appellant claimed and recovered from it so much 'of the insurance premiums as the first-named company had received, but which it had not earned by reason of the transfer of its insurance to the appellant, and this claim embraced the insurance now in contest. This shows beyond all doubt that it was merely transferred insurance, otherwise the appellant would not have been entitled to this fund, but would have been compelled to look to the insured for the

premium. It is said, although the policy recites it is is-
sued upon the faith of the statements of the insured in
her application for insurance in the old company, and no
reference made to the " health certificate " then signed by
her, yet that an additional consideration for its issual
may be shown. We have, however, an undenied con-
tract by which the appellant was to assume the risk upon
this life; the policy recites in substance that it is issued
by virtue of this contract; it was the foundation for it;
it is, more properly speaking, a representation than the
statement of a consideration; it is recited in particular
as the reason for the issual of the policy ; the claim that
it issued upon the faith of the health certificate is incon-
sistent with it, and the expression of it in the policy pre-
cludes the party from now saying that it was issued for a
different reason. The denial in the answer that it was
transferred insurance is unavailing, because it is incon-
sistent with the appellant's statement in its policy to
which the answer refers, and which it is not averred was
made by mistake or through fraud.

The averments of the petition show the insured was
embraced by the contract between the two companies.
This was the material matter presented by it for issue.
The answer when analyzed makes none. It does not
deny the existence of the contract, or state facts, such as
the non-payment of premiums, showing she was not in
good standing in the old company when it was made. It
does deny that she then had such standing, but this is
merely the opinion or conclusion of the pleader, and is
insufficient. The admitted facts under the pleadings and
exhibits filed with them show that it was transferred in-
surance by virtue of the contract between the two com-

panies; that the insured had incurred no forfeiture, and the demurrer to the answer was, therefore, properly sustained.

Judgment affirmed.