## Caruso v. Brown.

(Decided February 3, 1911.)

### Appeal from Casey Circuit Court.

Pleading—Inconsistent Defenses.—In an action on a note executed to the defendant by a corporation of which he is treasurer, and endorsed by defendant to plaintiff, wherein it is the contention of the defendant that he signed the note in his official capacity for the sole purpose of binding the corporation, and that he was induced by the fraud of the endorsee and others to endorse the note in his individual capacity he may plead both non est factum, and fraud, it being apparent from his whole pleading that he intended to deny the execution of the note only in the capacity of an individual. He may also at the same time plead payment and accord and satisfaction, no two of the defenses being so inconsistent in fact that the proof of one would dispose of the other.

NELSON & GALAGHER for appellant.

GODBEY & MOORE, E. C. MOORE and W. J. PRICE for appellee.

Opinion of the Court by Wm. Rogers Clay, Commissioner—Affirming.

Appellant, Anthony Caruso, brought this action against appellee, John B. Brown, to recover on the following note:

"$2,500.00.          Cincinnati, Ohio, March 10th, 1908.

"On or before sixty days after date we promise to pay to the order of John B. Brown .................. Twenty-five Hundred and no 100 ..............Dollars payable at The Citizens National Bank of Danville, Ky., ...... Value received with interest at 6 per cent.
"No. 1 ........ Due ........

"DANVILLE, COLUMBIA, SCOTTSVILLE RAILROAD COMPANY.
"By J. F. ALLEN, President."

Said note was indorsed as follows: .

"Cincinnati, O., Mch. 10th, 1908.
"For value received, I do hereby sell, transfer, and deliver the within note to Anthony Caruso and hereby guarantee the prompt payment of this note when due.
"JOHN B. BROWN,
"Liberty Township,
"Casey County, Ky."

After setting forth the execution of the note, the petition charged that appellee Brown had signed and transferred the note in question to appellant and had guaranteed the payment thereof. The petition concludes with an allegation to the effect that, after the maturity of the note, it was duly presented at the Citizens National Bank, of Danville, Kentucky, during banking hours, and payment thereof refused.

To the petition appellee filed an answer interposing several defenses. In the first paragraph he denied the allegations of the petition. In the second paragraph he charged that the obligation sued on was simply an obligation of the Danville, Columbia and Scottsville Railroad Company, and was known by appellant to be such, as well as accepted by him as such. Then follows an allegation that the note had been paid by the acceptance by appellant of certain shares of stock. Paragraph three contained a plea of fraud, and charged that by the fraud of appellant and his attorney, he was induced to indorse the note in the belief that he was acting in his official capacity as treasurer of the railroad company and it was necessary for him to indorse the note in order to bind that company; that he signed the note without knowing that he became bound in his individual capacity, and would not have signed it except for the fraud of appellant and his attorney. By paragraph four appellee pleaded that the sum of $833.33 1-3 was paid on said note on or about March 24th, 1908, and that appellant accepted same in full discharge of any obligation he had against appellee. It will not be necessary to consider paragraph five, as a demurrer was sustained to it. Other pleadings were filed, completing the issues. The trial before a jury resulted in a verdict for appellee. From the judgment based thereon, this appeal is prosecuted.

The facts in brief are as follows: Appellee and a man by the name of Allen were incorporators of the Danville, Columbia and Scottsville Railroad Company. Money was needed for the purpose of building the railroad. Allen induced appellant to come to Danville and

go from there over the proposed line. of the railroad.
Appellant was accompanied by his attorney. While in
Danville a meeting of the board of directors of the rail-
road was held, and the railroad was authorized to bor-
row the sum of $2,500.00. Caruso and his attorney
each claim that appellee agreed to be personally respon-
sible for the loan, and that the loan would not have been
made unless appellee had guaranteed the payment. A
day or. two later Brown went to Cincinnati with Allen,
and the papers were fixed up in the office of the attorney.
The papers were drawn in exact conformity to the agree-
ment which appellee had made. Appellee claims, how-
ever, that he was induced to go to Cincinnati solely for
the purpose of entering into an obligation that would
bind the railroad company. When the papers were about
to be drawn up, he stated that he did not understand the
matter and started to withdraw, when he was informed
by appellant's attorney that it would not be necessary
for him to secure another attorney, but that he (appel-
lant's attorney) would look after his interest. He signed
the note in question without reading the same, and be-
lieving that he was signing it only in his official capacity
as treasurer of the railroad company. He was induced
to do so by the representations of appellant and his at-
torney, that he would not be personally bound.

The improbability of Caruso making the proposed
loan to the railroad, which had no assets, without taking
security of some kind, tends to support the testimony of
him and his attorney, that there was no fraud of any kind
practiced upon appellee. However, the question was one
for the jury and was submitted in instructions which are
not complained of, and, while the jury might properly
have found for appellant, we can not say that its finding
is flagrantly against the evidence.

Indeed, the only two grounds relied upon for rever-
sal are (1) the failure of the court to require appellee
to elect which of the defenses set out in his answer he
would rely upon, and (2) holding that appellee had the
burden of proof.

Under the rule now in force, very great latitude is
allowed a defendant in the number and character of de-
fenses he may interpose to an action. For the purpose
of determining whether defenses are inconsistent or not,
the law divides them into two classes: First, those which
are inconsistent and contradictory in point of fact; sec-
ond, those which are merely technically inconsistent by

implication of law. Where the defenses involve mere logical inconsistencies or inconsistencies by implication of law, they may be pleaded together; but defenses contradictory or repugnant in fact can not be joined. In other words, a defendant will only be required to elect between defenses where the facts stated in the pleadings are so inconsistent that if the truth of one defense be admitted it would disprove the other. (Smith v. Doherty, 109 Ky., 617; First National Bank v. Wisdom's Ex'or, 111 Ky., 135; Spencer v. Society of Shakers, 23 Ky. Law Rep., 854.) While it is true that appellee denied the execution of the note and the fact that he had obligated himself to pay it, it is perfectly apparent from that paragraph of the answer and the other paragraphs, that its purpose was merely to deny that he had indorsed the note and guaranteed its payment in his individual capacity. The traverse was a mere technical one, and must be considered in connection with the averments in the other paragraphs. Considered in this light, there is no conflict between paragraph one and paragraph two, for the latter simply charges that the note was as a matter of fact the note of the railroad company and not that of appellee; it is consistent, therefore, with the denial of facts contained in the first paragraph.

Nor is there any inconsistency between paragraph one and paragraph three. Paragraph three makes paragraph one a part thereof. Paragraph one, in effect, denies that the note sued on was appellee's individual obligation, while paragraph three makes plain why this allegation was made; that is, it shows that appellee indorsed the note upon the assurance that he was simply being bound in his official capacity. The effect of the two paragraphs, therefore, is to show that he was bound only in his official capacity, and not in his individual capacity.

There is no inconsistency in fact between paragraph two and paragraph four. Paragraph two contains really a plea of payment, while paragraph four attempts to make a plea of accord and satisfaction.

Our conclusion, then, is that where it is attempted to charge a person with liability on a note in his individual capacity, he may deny the execution of the note in that capacity and may also plead payment, fraud, and accord and satisfaction, and that none of these pleas would be so inconsistent in fact that the proof of one would tend to disprove the other.

The next contention concerns the propriety of the court's action in placing the burden of proof on appellee.

For the purpose of determining this question, all the defenses must be considered together. When thus considered, it is manifest that appellee's plea of non est factum was only technically true; that is, it contained a denial of the fact that he was bound in his individual capacity. Under these facts it was not necessary for appellant to prove that the indorsement was signed by appellee; that was admitted by the answer. Being admitted, appellee could escape liability only in the event that he proved payment, fraud, or accord and satisfaction. Following this view of the case, the court instructed the jury to find for appellant the amount of the note, subject to a credit of $833.33 1-3 paid on March 20th, 1908, unless they believe from the evidence that appellant or his attorney, by fraudulent representations, for the purpose of misleading appellee, and upon which he relied, thereby induced appellee to sign the indorsement on the note sued on under the belief that he was not obligating himself personally for the payment of said note, but only obligating the Danville, Columbia and Scottsville Railroad Company, or unless they believed from the evidence that the note was paid and satisfied by the issual of stock and payment of money as stated in the answer. This instruction properly submitted the issue to be tried. Had there been no evidence of payment, fraud, or accord and satisfaction, appellant would have been entitled to judgment on the pleadings. That being true, the burden of proof was properly placed upon appellee, and his attorney, therefore, had the right to make the concluding argument.

Finding no error in the record prejudicial to the substantial rights of appellant, it follows that the judgment must be affirmed; and it is so ordered.