## Henry Bickel Company v. Huffaker's Administratrix.

(Decided May 26, 1916.

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division).

1. Master and Servant—Negligence—Assumed Risk.—Trainmen assume no risk growing out of the defective condition of the railroad track; and in this action where a recovery was only authorized under the instructions in the event the condition of the track caused the derailment of a train whereby decedent was killed, the court properly declined to give an instruction on assumed risk.

2. Negligence—Personal Injuries—Pleading.—In personal injury actions the plaintiff may allege as many acts of negligence as he sees proper, and if on the trial he fails to sustain more than one of them, or abandons all such acts except the one, he is entitled to have his case submitted on the single act of negligence if the evidence justifies it.

3. Negligence—Pleading.—An allegation that the derailment of a train was caused by the defective condition of the track, and an allegation that it was caused by the negligence of the engineer in running the train at an excessive rate of speed are not inconsistent or contradictory, for the proof of one does not necessarily disprove the other.

4. Negligence—Contributory Negligence—Pleading.—An instruction on contributory negligence which told the jury that if they believed from the evidence that ordinary care required the decedent, who was a trainman, to maintain a hold upon a car upon which he was riding and that if he failed to maintain such hold and because thereof fell from the car, or that if they believed he slipped upon the platform or lost his balance and fell that he could not recover, is not open to the objection that it specifies only a single act of contributory negligence.

5. Master and Servant.—Trainmen and trackmen are not fellow servants.

W. W. DAVIES for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant is a corporation engaged in construction, and in November, 1912, was working on a contract to widen the Louisville canal. In the prosecution of the work it had and operated a temporary or construction railroad along the canal, used in hauling earth and stone from one part of the work to another.

It used on this track small steam engines, each of which pulled or pushed four dump cars into which were loaded the earth and stone. A train consisted of an engine and four such cars and each train was manned by an engineer and a brakeman or pilot. At each end of the dump cars was a running board about twelve inches in width extending along the end of the car, and there was on the car hand-holds for use by the brakeman while riding on this running board.

In November, 1912, Charles M. Huffaker, a brakeman on one of these construction trains, while riding on the front end of the front car of a train which was being pushed or run backwards, was thrown from the running board in front of the moving train and killed.

This is an action by his personal representative for damages because of the gross negligence of the defendant, as alleged, resulting in his death. The negligence alleged in the original petition is that by reason of the defective, dangerous and unsafe condition of the railroad track the decedent was thrown from the car in front of the moving train and killed.

The answer, after denying in the first paragraph the negligence alleged in the petition, in separate paragraphs pleaded contributory negligence and assumed risk.

A reply was filed completing the issues, but thereafter the plaintiff filed an amended petition wherein three additional grounds for recovery are alleged; first, because of the gross negligence on the part of the engineer in running said train at a dangerous and high rate of speed, the engineer at the time, as alleged, being superior in authority to plaintiff's intestate; second, that her intestate's death was caused by a violent, unnecessary and unusual jerk or lurch of the car on which he was engaged as a brakeman, which jerk or lurch was caused by the grossly negligent operation of the said train by the engineer; and third, that the said unnecessary and unusual jerk or lurch of the car was caused by the defendant's negligence in permitting its track at said

time and place, when and where such lurch or jerk was given to be and remain in an unsafe and dangerous condition for use.

On the trial the jury returned a verdict for the plaintiff for $7,500.00 upon which judgment was entered and the defendant has appealed.

Early in the trial the court confined the plaintiff in the introduction of her testimony to the issue as to the defective condition of the track, and throughout the trial the evidence was directed chiefly to this issue, although incidentally there were many references to the jerk or lurch of the car; but evidently this was permitted because of the allegation in the amended petition that the jerk or lurch of the car was caused by the defective condition of the track. Notwithstanding the other allegations of negligence in the pleadings the court in its instructions only authorized a recovery for the plaintiff upon the ground of the defective condition of the track at the place of the accident, and there is no contention that the evidence was not sufficient to authorize a submission to the jury on this question.

But appellant is insisting that he is entitled to a reversal for four reasons; first, because the court refused defendant an instruction on assumed risk; second, because of error in denying its motion for a directed verdict at the conclusion of all the evidence; third, because of error in the instruction on contributory negligence; and fourth, because of its refusal to give defendant an instruction upon the law of fellow servants.

The evidence tended strongly to show the accident was caused by the derailment of the train, and whether the derailment was caused by the defective condition of the track or the negligent management of the train was the principal question involved. For, if it was the latter the defendant was not liable because all the evidence showed that the decedent was in control of the train's movement and that the engineer operated according to decedent's signals and orders.

Manifestly, if decedent was in control of the movements and operation of the train, and the manner of its movement and operation caused his death, he cannot recover, for he alone must be held responsible for such operation; and for that reason the court only submitted to the jury the issue whether his death resulted from the defective condition of the track, a thing with which

he had nothing to do and for which he was not responsible.

The decedent, a trainman, did not assume any risk growing out of the defective condition of the track, and as the instruction only authorized a recovery in the event such condition of the track caused the derailment of the train and thereby brought about the decedent's death, it is apparent that no instruction on assumed risk should have been given.

Here there was no issue as to whether the lurching of the train was unusual or unnecessary, or merely that which might ordinarily be expected; the sole question was what caused the derailment of the train, the defective condition of the track or the excessive speed of the train; and no recovery being authorized at all by the instructions if the derailment was caused by the excessive speed, it is clear that no question of assumed risk was involved if the derailment was caused by the condition of the track.

Appellant's complaint in its final analysis seems to be that the court in its instructions should have authorized a recovery against it on account of the alleged excessive speed of the train so that it might have been entitled to an instruction on assumed risk; manifestly it was not prejudiced because of the failure of the court to authorize a recovery against it upon only one ground.

As above stated, the evidence shows that the decedent was in control of the speed and movements of the train and that the engineer operated the train according to signals and directions given by him, and if the negligence of the engineer had been the only negligence relied upon by the plaintiff for a recovery, in the light of this evidence, certainly the defendant would have been entitled to a directed verdict. But the right to a recovery on this ground was virtually abandoned by the plaintiff on the trial and, as shown by the action of the court, was ignored by it, for no recovery was authorized for that reason. The fact that the plaintiff failed to sustain its allegation as to the negligence of the engineer, or abandoned such negligence as a ground for a recovery, presents no reason why it should not have submitted to the jury its right to recover for another and different act of negligence which there was evidence to support. In personal injury actions the plaintiff may allege as many acts of negligence as he desires, and al-

though he may fail on the trial to establish more than one of them he is entitled to have his case submitted to the jury on that one. Nor are the allegations in the original petition that the derailment of the train was caused by the dangerous condition of the track, and the allegation in the amended petition that the derailment was caused by the negligence of the engineer in running the train at an excessive rate of speed, inconsistent or contradictory, for the proof of one of these states of case will not necessarily disprove the other; the fact that the train was operated at an excessive rate of speed does not prove that the defective condition of the track was not the cause of the derailment. Caruso v. Brown, 142 Ky. 76.

To hold in this case that the allegation in the amended petition that the negligence of the engineer caused the accident which resulted in the death of Huffaker confines the plaintiff to a recovery for the negligence of the engineer alone, would be in effect to abolish or nullify the well-known and long-recognized rule that the plaintiff in such cases may allege as many acts of negligence as he may see proper and have his case submitted on such of them as he may establish.

Manifestly the plaintiff was not entitled to a peremptory instruction.

In its instruction on contributory negligence the court told the jury that if they believed from the evidence that ordinary care required Huffaker to maintain a hold upon the car upon which he was riding and that if he failed to maintain such hold and by reason of that fact fell from the car he could not recover; and in a separate instruction they were told that if they believed that Huffaker slipped upon the platform or lost his balance and fell that they should find for the defendant. Complaint is made of these instructions that they point out and specify only a single act of contributory negligence when there was evidence before the jury that he might have been perfectly safe if he had ridden in or on the car instead of on the running board.

The whole evidence showed, however, that the running board where Huffaker was standing was placed at each end of the car for the use of the trainmen and it was their duty to use them in the operation of the train, and we gather from the evidence that it was Huffaker's duty to be on the running board at the time of the acci-

dent, and the mere fact that if he had been on or in the car at the time he would not have been injured does not make him guilty of contributory negligence for not being at such place.

But in any event the instruction is not open to the criticism directed against it for the duty of holding on was imposed upon Huffaker without regard to what place on the car he might have been situated; in other words, whether he was on or in the car or whether he was on the running board, the instruction required him to maintain his hold.

Treating these two instructions as one they fairly presented the issue of contributory negligence.

It is unnecessary to consider at length appellant's claim that it was entitled to an instruction on the law of fellow servants; decedent was a trainman and it was no part of his duty to see that the track was kept in proper repair, and it is apparent that he occupied no such relation to the track men as made them fellow servants. Lou. Ry. Co. v. Hibbitt, 139 Ky. 43; C. & O. Ry. Co. v. Brown, 152 Ky. 479.

Perceiving no error prejudicial to the substantial rights of the appellant the judgment is affirmed.