## Horton and Lamb v. Board of Trustees of Bromley Graded School District.

(Decided May 11, 1920.)

### Appeal from Kenton Circuit Court.

1.  Schools and School Districts—Mandamus—Pleading.—In this action brought by appellants under Ky. Stats., section 4464, as amended by Act 1916 (Chap. 100, page 651, Acts 1916) to compel by mandamus the appellee, Board of Trustees of the Bromley Graded Common School District, either to pay in the Ludlow Graded High School the tuition of a daughter of each of them, who had completed the full course of study in the Bromley Graded Common School, or to establish and maintain for their benefit and that of other children of the district a graded high school at Bromley.  Held, that the action of the circuit court in sustaining a general demurrer to the petition, and in dismissing it upon the failure of appellants to plead further, does not constitute reversible error.

2.  Schools and School Districts—Pleading.—Notwithstanding its allegations that appellants' daughters had completed the eight

grades and full course of study prescribed for the pupils of the Bromley Graded Common School and were "prepared and eligible to enter a graded high school" for the purpose of obtaining the further and higher education provided by the common school laws of the state, the petition was and is fatally defective in failing to further allege that the two children for whom instruction is sought in the high school are of or within the age fixed by the common school law for entering the graded high school, viz.: the years of six and eighteen, inclusive.

3.   Schools and School Districts—Pleading.—The averment of the petition as to the eligibility of the children to enter the high school is but a conclusion of the pleaders, based solely upon the fact of their having completed the course of study in the common graded school. But this they may have done and thereby become eligible on that one ground, yet be ineligible to enter the high school because of their having in the meantime passed beyond the age for continuing their education in the high school. Mere conclusions of law, deduced by the pleader from facts not stated, may not be pleaded. It is required that the facts constituting the cause of action or defense, be set out in the pleading.

JOHN T. MURPHY for appellant.

R. G. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The village of Bromley, wherein is maintained a graded common school, is situated in what is known as the Bromley graded common school district, Kenton county. The appellants, Gilbert Horton and Sophie Lamb, residents of that district and each the parent of a female child who is, or until recently was, an attendant at its graded common school, in their alleged parental right and as patrons of such school jointly brought this action in the court below against the appellee, Board of Trustees of Bromley Graded School District, seeking to compel its members by the writ of mandamus prayed in the petition, either to pay the tuition of their children therein named in the high school maintained at Ludlow, a contiguous town in the same county, or to establish and maintain for their benefit and that of other children of the district a graded high school at Bromley.

It is, in substance, alleged in the petition that the two children in question have passed through and completed in the Bromley graded common school the eight grades and full course of study prescribed for and taught the pupils thereof, and are now prepared and eligible to

enter a graded high school for the purpose of obtaining the further and higher education to which they are entitled under the provisions of the common school laws of the state; but that the Bromley common school district has no graded high school and the appellee, board of trustees, has refused to establish one therein; that appellants have been sending each his and her child mentioned to the Ludlow high school at a cost to them of $30.00, tuition per year each, which tuition the appellee, board, as further alleged, refused to repay appellants, though the latter demanded of it that it do so.

The relief sought by appellants is claimed under Kentucky Statutes, section 4464, as amended by an act passed by the general assembly in 1916 (see chapter 100, page 651, acts 1916), which, in substance, provides that all graded common schools, whether previously or thereafter established under the general or any special law of the state, "shall operate and maintain a high school of equal rank to that required by law to be maintained by the county board of education, or pay the tuition of all pupils residing in the graded school district who are eligible and enter the high school, the county high school or other public high school which maintains a course of study required by law and which has been approved by the state board of education."

The appellee, board of trustees, filed both a special and general demurrer to the petition. It cannot be told from the record whether the circuit court passed on the special demurrer, but it sustained the general demurrer and, upon appellants refusing to plead further, dismissed the action at their cost. From the judgment manifesting these rulings, the latter have appealed.

No complaint of a misjoinder of actions, or motion to require of appellants an election, was made by appellee in the court below; and we find from the briefs of counsel the principal question attempted to be raised by the appellee's special demurrer to the petition was that appellants' children, for whose benefit the action was brought, were necessary parties to the action, and that as both are infants, they should have sued as plaintiffs by their respective parents as next friends. On the other hand it was the contention of appellants' counsel that as appellants are by law and the ties of nature charged with the parental duty, each to support and educate, or see to the education of, his and her child, an action like this to

obtain for the child or children the opportunity of acquiring an education through the instrumentalities provided by the state for that purpose may be brought by the parent or parents without making the child or children a party or parties thereto.   In the absence of a specific ruling on the special demurrer by the circuit court, we are prevented from passing on the interesting question suggested, and also on any other regarding the alleged misjoinder that might have been raised by a motion to elect, if made by appellee in the court below, and must regard both questions as having been waived by the latter in that court.   Coming then to the consideration of questions raised by the general demurrer, we find the petition fatally defective in that it fails to allege that the two children for whom instruction is sought in the high school are between the years of six and eighteen inclusive, fixed by law as the school age.   The petition does allege that appellants' daughters have completed the eight grades of study taught in the graded common school and are eligible to enter a high school. This averment is but a conclusion both of law and fact stated by the pleaders, based on the sole ground that the daughters had completed the course of study in the graded common school.   This, however, is not the only ground of eligibility, for, in addition, they must also be eligible on the ground of being within the school age.   In other words, they could have completed the course of study in the graded common school as alleged and be eligible on that account to enter the high school, but if in the meantime they had passed beyond their eighteenth year, that fact alone would render them ineligible to enter the high school.   It was, therefore, just as essential for the petition to allege that they are still within the age (i. e. not less than six nor more than eighteen) entitling them to the free instruction offered by the high school, as to allege that they were eligible to do so because of their completion of the course of study in the graded common school.

The Code forbids the allegation of mere conclusions of law deduced by the pleader from facts not stated, but requires that the facts constituting the cause of action or the defense should be set out in the pleading. Newman's Pleading and Practice, section 207.   For example it has been held a conclusion of law to allege that one person is the heir of another, or that plaintiff has a lien,

or that one is indebted to another. The facts out of which the heirship or lien arises or the indebtedness is created must be alleged. Larue v. Hays, 7 Bush, 50; Overby v. Rogers, 12 R. 289; Camplin v. Eads, 15 R. 666; Peoples Mut. Assurance Fund v. Boesse, 92 Ky. 290.

It is also a well recognized rule of pleading that the statements of a pleading must be construed most strictly against the pleader. McFarland's Admr. v. L. & N. R. R. Co., 130 Ky. 172; Harvey v. City of Lexington, 130 Ky. 251. Tested by these rules of pleading the failure of the petition to allege such facts as show that appellants' daughters are still of an age entitling them to enter the high school, authorized the ruling of the circuit court sustaining the general demurrer to the petition; as by reason of its omission of an averment of this indispensably necessary fact, it did not state a cause of action. The conclusion above expressed makes it unnecessary for us to consider the objections, also urged by appellee on the general demurrer, to the constitutionality of the statute upon which appellants based their action, or other questions thereby raised; hence none of these matters are passed on.

Judgment affirmed.