## Illinois Canning Company v. N. Livingston & Company.

(Decided February 1, 1924.)

Appeal from McCracken Circuit Court.

1. Estoppel—Reply Must Allege Avoidance of Defense Stated in Answer.—In view of Civil Code of Practice, section 98, the facts constiuting an estoppel against or avoidance of a defense stated in the answer must be pleaded.

2. Trial—Instructions Must be Supported by Pleadings and Evidence.—An instruction must be supported by both the pleadings and the evidence.

MOCQUOT, BERRY & REED for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant sold to appellee, for delivery when packed, 2,000 cases of canned corn, 1,000 cases of "Country Gentleman" at $1.65, and 1,000 cases of "Standard" at $1.35 per dozen cans.

The contract was in writing, and after accepting and paying for the 1,000 cases of Country Gentleman, which were delivered about the middle of September, 1920, appellee declined to accept or pay for the 1,000 cases of Standard corn, which were tendered in accordance with the terms of the contract.

By this action appellant sought to recover the contract price therefor, and is appealing from an adverse judgment.

Appellee, for defense, averred that the contract was signed and delivered by it upon condition that same was not to become binding unless and until appellant furnished it a written guaranty of protection against decline in market prices, and that the guaranty was never furnished. This was denied by appellant's reply, and that issue alone was submitted to the jury, which, by its verdict, sustained appellee's contention.

The evidence upon this issue was contradictory, and it is not claimed the verdict is flagrantly against the evidence or that a single instruction given by the court is erroneous. It is, however, insisted that the court erred in refusing an offered instruction, and this is the single error relied upon for reversal.

The issue appellant evidently intended to present by the offered instruction was, whether or not appellee was

estopped from asserting or had waived its alleged defense by acceptance of a part of the single order after appellant's refusal to furnish a satisfactory written guaranty against a decline in market prices before time for delivery.

However, appellant by its reply simply traversed the defense asserted in the answer, and did not plead estoppel or waiver thereof. Section 98 of the code of practice provides that a reply, among other things, may contain "a statement of facts which constitute an estoppel against or avoidance of a set-off, counterclaim or defense stated in the answer."

Not only is the inference clear from this provision of the code that an estoppel against or avoidance of a defense stated in the answer must be pleaded, but such has been the uniform view of this court in all cases except such as forcible entry in which general issues have not been abolished. Section 811, Newman's Pleading & Practice; Louisville Tob. Warehouse Co. v. Lee, 172 Ky. 171, 189 S. W. 16.

As the rule is thoroughly established that an instruction must be supported by both the pleadings and the evidence, and as the instruction offered by appellant was not supported by the pleadings, the court did not err in refusing to give it, even if it had been warranted upon the evidence, which we do not decide.

The cases relied upon by counsel for appellant in support of their contention are clearly inapplicable here, since they relate to the right and duty of one party to renounce a contract upon breach by the other party. The appellee did not in this case plead or rely upon a renunciation of the contract by it because of a breach by appellant. Quite the contrary; its defense was that the contract never became binding because of the failure of appellant to perform a condition precedent, and the only issue formed by the pleading was whether the contract, as signed, was absolute or conditional.

If, as we have seen, appellant desired to rely upon an estoppel or avoidance of the plea that the contract was conditional and not absolute, it should have pleaded the facts upon which it relied for such avoidance or estoppel.

Not having so done, no such issue was formed and the court did not err in refusing to submit it to the jury.

Judgment affirmed.