## Acme-Jones Company v. Ellis Milling Company, et al.

(Decided March 27, 1925.)

### Appeal from Ohio Circuit Court.

1.  Trial—Where Defendants' Answer was Plea of Confession and Avoidance, Court Held to have Properly Awarded Defendants Burden of Proof and Concluding Argument.—Where defendants, sued for breach of contracts to purchase flour, answered by plea of confession and avoidance, setting up omission of part of contract and plaintiff's breach of omitted part, court did not err in awarding to them burden of proof and concluding argument.
2.  Sales—Admission of Evidence that Flour Delivered was Not of Grade Contracted for Held Error Under Pleading—Error to Instruct on Outside Issues.—Where only affirmative defense pleaded in action for damages for breach of contracts to purchase flour was that plaintiff had sold flour of same kind to defendants' competitors in violation of its contract, it was error to admit evidence that flour delivered was not of grade contracted for and to charge jury to find for defendants if this was true.
3.  Trial—Evidence Must Conform to Pleadings, and Issues Submitted Must be Presented by Both Pleadings and Evidence.—Evidence must conform to pleadings, and no issue should be submitted that is not presented by both pleadings and evidence.

A. D. KIRK, J. G. SACHS and ERNEST WOODWARD for appellant.

BARNES & SMITH and J. S. GLENN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an action by the appellant to recover damages for breach of two written contracts, by each of which ap-

pellees purchased of it, for future delivery, 500 barrels of flour.

Upon a former appeal, reported in 200 Ky. 811, 255 S. W. 829, we held that the trial court erred in directing a verdict for the defendants, and that the third paragraph of their answer did not state a defense.

The terms of the contracts and the substance of the third paragraph of the answer are fully set out in the former opinion, and neither need be repeated here, since the pleadings were not amended upon the return of the case to the lower court.

The first paragraph of the answer simply denied that defendants had purchased of plaintiff 1,000 barrels of "Winter Patent Flour" as stated in the contracts, or any flour "except as hereinafter set out." The second paragraph admitted the execution of both contracts sued on, but alleged the omission therefrom, by mutual mistake of the parties, of so much of their agreement as provided that the flour purchased was a certain brand known as "Eureka," and that appellant would not sell any of that brand of flour to any of appellees' competitors in the town of Hartford, Ky., during the period covered by the contract. It is then alleged that appellant breached the contracts by selling and delivering 50 barrels of "Eureka" flour to a named competitor of defendants,

> "and that because of the plaintiff's wrongful acts its violation of its agreement not to do so in the shipment of said brand of flour to the said Iler for sale at the time and place in competition with these defendants, and thereby and by reason thereof, the plaintiff made it unprofitable for the defendants to handle or sell said flour, and impossible for these defendants to sell or dispose of said flour, to the defendants' great loss and damage; and that thereupon, to-wit, on September 6th, 1917, the defendants, notified the plaintiff of its election to cancel the remainder of the optional contract not performed, dated July 28, 1917, and all of the optional contract dated July 31, 1917."

The reply simply traversed the affirmative averments of the answer.

The sum, therefore, of the answer was a plea of confession and avoidance, and the court did not err in awarding the defendants the burden of proof and the conclud-

ing argument, or in directing the jury to find for the plaintiff, unless they believed defendants had proven an affirmative defense.

It also is clear that the only affirmative defense pleaded by the defendants was the alleged breach of its agreement, omitted from the contracts, not to sell "Eureka" flour to one of defendants' competitors.

There is no allegation in the answer that the 50 barrels of flour, which plaintiff had delivered to defendants under the contract and which they had received and paid for, were not "Eureka" flour, but the court, nevertheless, over plaintiff's objection and exception, not only permitted the defendants to prove that they were not of that kind or grade, but also instructed the jury to find for the defendants if, from the evidence, they believed this to be true.

This was clearly error, for no rule of practice is better established than that the evidence must conform to the pleadings, and that no issue can be submitted to the jury that is not presented by both pleadings and evidence. Robbins v. Treadway, 2 J. J. Marshall 540; Zinmeister & Bro. v. Rock Island Canning Co., 145 Ky. 25, 139 S. W. 1068; Newman's Pleading & Practice, Vol. 1, p. 544; Ill. Canning Co. v. N. Livingston & Co., 201 Ky. 756, 258 S. W. 308; Stiles v. Lile, 203 Ky. 225, 262 S. W. 18.

As these errors were clearly prejudicial, and not in any way waived by the plaintiff, the judgment must be reversed therefor, and other questions discussed in brief will be disposed of summarily.

The instructions, other than No. 2 referred to above, are also criticised, but we find no error in any of them, and we are of the opinion that the evidence on the single defense pleaded was sufficient to carry that issue to the jury. We are also asked to pass upon the sufficiency of the evidence as to the quality of the 50 barrels of flour, to justify a cancellation of the contracts by defendants, but that question is not here, since, as we have seen, no such issue was tendered by the pleadings, and that evidence was erroneously admitted.

Wherefore, the judgment is reversed, and the cause remanded for another trial not inconsistent herewith.