## J. R. Watkins Company v. Jordan et al.

(Decided May 26, 1933.)

HIRAM H. OWENS, TAWNEY, SMITH, TAWNEY and E. D. LIBERA for appellant.

TUGGLE & TUGGLE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this action brought by the appellant against the appellees on a contract of guaranty and in which the plea was non est factum, the jury found for the appellees and this appeal results.

The grounds for reversal may be grouped under three heads: First, that the verdict is flagrantly against the evidence; secondly, error of the trial court in refusing to give a requested instruction, and, thirdly, error of the trial court in refusing to permit an amended petition to be filed. The suit was brought on a contract bearing date August 30, 1924, and alleged to have been signed by the appellees as sureties and guarantors. On the trial, the appellees denied signing the contract. The only evidence offered to prove that they had signed the contract was that afforded by a comparison of admittedly genuine signatures with the questioned signatures on the contract. This being true, it was a question for the jury whether or not the appellees had signed the contract and its verdict to the contrary cannot be said to be flagrantly against the evidence.

So far as the claimed error in refusing instructions is concerned, it is contended that the trial court erred in declining to give an instruction offered by the appellant to the effect that if after appellant received in Wisconsin, where its main office is located, the contract of August 30th, which on its face appeared to have been signed by appellees, the appellant thereafter wrote as it did a letter to each of the appellees and sent it by registered mail, and the appellees received said letters and were thereby informed that the appellant had received the contract of August 30th, which purported to be signed by them and were asked if they had signed it, and were further informed that the appellant intended to act upon the contract of August 30th as though it were genuine, it was the duty of the appellees if they had not signed the contract to so notify the appellant as requested, and their failure to do so estopped them from denying the genuineness of their signatures to said contract of August 30th. The trouble about this contention is that there was no such plea of estoppel. As will be presently noted, appellant also contended in this case that the appellees had in the preceding March signed a like contract of guarantee for the same principal as that of August 30th. The plea of estoppel which is in this record runs to the March contract and not to the August contract. There being no plea of estoppel as to the defense interposed to the August contract, the court correctly declined to instruct as requested. Illinois Canning Co. v. N. Livingston & Co., 201 Ky. 756, 258 S. W. 308.

Lastly, it is contended that the court erred in refusing to permit to be filed an amended petition tendered in which appellant sought to recover on the March contract if the August contract which in part embraced practically all that had been done under the March contract was found not to be the act and deed of the appellees. However, this amended petition was not made part of the record either by an order of the court or by a bill of exceptions. A tendered pleading not permitted to be filed is no part of the record on appeal unless it be made such by an order of court or by a bill of exceptions and cannot be considered on appeal. Lockett v. Clifton, 67 S. W. 831, 24 Ky. Law Rep. 1; People's Mut. Assur. Fund v. Boesse, 92 Ky. 290, 17 S. W. 630, 13 Ky. Law Rep. 660; Williams v. Stallard, 185 Ky. 10,

213 S. W. 197. However, whatever rights appellant has under the March contract are not precluded by the judgment on the August contract in this case.

The judgment is affirmed.