## G. C. Heberling Co. v. Clark et al.

(Decided Jan. 24, 1936.)

H. R. WILHOIT for appellant.

LITTLETON & JARVIS for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This action was brought by the appellant, G. C. Heberling Company, in the Carter circuit court against one Martin Shearer, as principal, and the appellees, Clark and Hensley, as guarantors, to recover its account of $553.90 owing for merchandise sold to Shearer under a contract providing a guaranty of payment therefore by the appellees.

The plaintiff, here the appellant, by its petition, alleged that it entered into a written contract with the defendant Shearer and his codefendants, Clark and Hensley (here the appellees), by which it agreed to sell and deliver certain therein described merchandise to Shearer at wholesale prices and in consideration of which he and the appellees, Clark and Hensley, had signed the contract expressly guaranteeing Shearer's payment of the merchandise sold him thereunder; that, pursuant to the contract, it had sold and delivered Shearer merchandise in the amount of $553.90, for which he had failed and refused to pay it, and for which amount it sought recovery against Shearer and his codefendants, Clark and Hensley, as guarantors of the account.

Upon call of the case for trial, Shearer introduced no defense, but permitted default judgment to be taken against him in the amount sued for. His codefendants, Clark and Hensley, filed separate answer, wherein they denied duly signing the contract, "except as hereinafter stated," and further affirmatively pleaded that, although they had signed the contract, their signatures thereto had been obtained by the plaintiff's agent through fraud and misrepresentation, which deceived them into believing that the contract provision signed by them was only one recommending Shearer as trustworthy and not one guaranteeing his payment of the goods sold him. Further they pleaded that, upon discovering the fraud practiced upon them, they at once notified plaintiff that they would not be bound under the contract.

Replies were filed, putting in issue the appellees' plea of fraud, and further pleading that, even if defendants had been overreached by the agent in obtaining their signatures to the contract, after it had duly notified them of the true nature of the contract, they had ratified the same.

The affirmative matter of the reply was by agreement controverted of record.

Upon the later call of the case for trial, it appears from the bill of exceptions that appellees' counsel, in his opening statement to the jury, told it that Shearer had entered into the contract sued on with the appellant, and that, although the appellees, Clark and Hensley, had also signed it with him, they had been induced to do so through being made to believe, by the fraudulent representations at the time made them by plaintiff's agent, that they were only signing a character recommendation for Shearer, when in fact the contract so signed was not of such nature, but one providing that they were to guarantee payment for the merchandise sold Shearer thereunder.

Thereupon, without a ruling of the court being asked as to who had the opening and closing of the case or as to upon whom rested the burden of proof, plaintiff proceeded to call his witness Shearer, who testified to signing the contract sued on and to permitting default judgment to go against him for the amount of his account owing thereunder. Plaintiff then offered to prove the signatures of appellees to the guaranty provision of the contract, when proof thereof was waived by them and their signatures admitted. Also it offered proof of default judgment having been previously entered in the case against Shearer, when appellees also admitted its entry and waived proof of same. Thereupon plaintiff rested, when appellees, without introducing any evidence in support of the affirmative allegation of the answer, pleading fraud in confession and avoidance of liability under the contract admitted signed by them, moved the court to peremptorily instruct the jury for them, which motion was sustained and a verdict accordingly returned by it, upon which judgment was entered dismissing appellant's petition.

Plaintiff's motion and grounds for a new trial having been duly filed and overruled, it has appealed.

The only question, appellant submits, here addressed to the court is as to the challenged propriety of the trial court's sustaining, under the circumstances stated, the appellees' motion for a directed verdict, when plaintiff had introduced sufficient proof in support of its petition, aided by the admission of appellees, to make out a prima facie case for it, requiring its submission to the jury, and especially when appellees had altogether failed to maintain the burden of proof imposed on them by the introduction of any evidence whatever in support of their affirmative defense of fraud.

It is shown by the record that appellees by their answer made no direct general denial of having signed the contract sued on, but only qualifiedly denied that they "duly signed same except as hereinafter stated," and which exception, pleaded in the next paragraph, was to the effect that they were induced to sign the guaranty contract through the fraud of plaintiff's agent in representing that the contract they were asked to sign was one only recommending Shearer's character as trustworthy and not one of guaranty. Clearly this affirmative plea of fraud, in effect one of confession and avoidance, imposed on defendants the burden of proving that they had been so fraudulently induced to sign the contract. The rule is well settled that the burden of proving the affirmative defense of fraud practiced in procuring a signature to a contract rests upon him pleading it. Clearly the assertion of appellees' counsel, made in his opening statement to the jury, that fraud had been practiced on the defendants, did not constitute evidence tending to support such claim, in the absence of an agreement that it might be so considered. Further, the practice of fraud by plaintiff's agent in obtaining defendants' signatures to the contract was expressly denied and put in issue by plaintiff's reply. Further, plaintiff, in addition to pleading the contract sued on was made with and signed by Shearer and the appellees as guarantors and trareversing appellees' plea of fraud employed in procuring their signatures to the contract, introduced proof in support thereof, as hereinabove set out, sufficient to establish a prima facie case. After plaintiff had thus made out a prima facie case by its pleadings, supporting proof and admissions of defendants, made as stated, the defendants were clearly not entitled to the peremp-

tory instruction moved for and granted them by the court. Clearly the court erred in directing a verdict for the appellees, when no evidence whatever had been introduced by them to maintain the burden of proving the affirmative defense pleaded, that their signatures to the contract sued on had been procured by fraud and upon such ground were entitled to avoid the liability otherwise incurred by them in having signed the guaranty contract. The rule is that, where there is a disputed question of fact on a material issue, as was here thus presented, the only principle upon which a directed verdict can be sustained is that there was a waiver, either expressed or implied, of the right to go to the jury. No waiver of this right appears or is claimed to have been here made by the appellant.

In the case of Crabtree v. Atchison, 93 Ky. 338, 20 S. W. 260, 261, 14 Ky. Law Rep. 313, we held that, where the defendant set up an affirmative plea of fraud, which was traversed, the burden of proof was on the defendant, section 526, Civil Code of Practice, providing that "the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side;" the court further saying:

"The note sued on being prima facie evidence [the signature being admitted] that the payor was indebted according to its terms, the burden was upon him to establish the allegations of fraud and want of consideration. Those allegations being traversed, and if no proof was offered establishing them, the appellees would be entitled to judgment on the note."

Also again was it so held in the very analogous case of Caruso v. Brown, 142 Ky. 76, 133 S. W. 948, 949, cited and strongly relied on by appellant. There the defendant, sued upon a note, filed answer affirmatively pleading fraud on the part of plaintiff and his attorney in inducing him to indorse the note sued on by fraudulently representing that in so doing he was acting only in his official (not individual) capacity. The trial court held that by such plea of fraud the appellee (defendant) assumed the burden of proof. Upon appeal, the trial court's ruling was upheld, the court saying:

"For the purpose of determining this question, all the defenses must be considered together. When

thus considered, it is manifest that appellee's plea of non est factum was only technically true; that is, it contained a denial of the fact that he was bound in his individual capacity. Under these facts, it was not necessary for appellant to prove that the indorsement was signed by appellee; that was admitted by the answer. Being admitted, appellee could escape liability only in the event that he proved [as pleaded] payment, fraud, or accord and satisfaction.''

To like effect, see, also, the cases of Fivey v. Pennsylvania R. Co., 67 N. J. Law, 627, 52 A. 472, 91 Am. St. Rep. 445; 13 C. J. sec. 934, p. 758; Acme-Jones Co. v. Ellis Milling Co., 208 Ky. 216, 270 S. W. 843; Miller v. Taylor, 165 Ky. 463, 177 S. W. 247; Stem v. Whitney, 66 S. W. 820, 23 Ky. Law Rep. 2179; Casteel v. Baugh, 18 S. W. 1023, 13 Ky. Law Rep. 916; Rittenhouse v. Swango's Adm'r (Ky.) 128 S. W. 299.

Appellees undertake to answer appellant in this by stating, as the applicable rule here, that one who voluntarily assumes the burden of proof will not, after obtaining the desired advantage thereby, be heard upon appeal to assert that the burden was upon the other party, citing many cases in support of such procedural rule. However, an examination of the authorities cited in support of such argument shows that the holdings in the cited cases are not here in point, as the procedural rule therein applied was that, where the party had without objection taken the burden of proof or permitted the adverse party to take it for purpose of gaining the right to conclude the argument, they would not afterwards be allowed to change their positions.

The point is also urged in brief by appellees that, as the contract was a long one and contained on the back, printed in small type, the guaranty provision signed by appellees, the same should be in itself regarded as a badge of fraud. However, such point is not directly raised, as the fraud here pleaded was one not bottomed on the kind of type used but upon the deceit and misrepresentation used by appellant's agent to overreach appellees, and we here see nothing in the case to justify a departure from the ordinary rule applying to the enforcement of contracts, holding him who admits signing the written contract liable under

its terms, unless such be avoided by establishing that his signature was obtained thereto by the fraud plead-ed.

It is our conclusion, therefore, that under the facts and circumstances here shown by plaintiff (that the contract upon which the appellees were sued was signed by them, which they admit, that the principal therein has been adjudged to pay the debt sued on, and that the appellees, by signing the said contract, under its express provisions guaranteed the payment by Shearer for the merchandise), a prima facie case was established by it, upon which it was entitled to go to the jury or to a directed verdict until overcome by counter proof, introduced by the appellees, to avoid the prima facie liability incurred by them by their admitted signing of the contract; and, further, that, as they introduced no evidence tending to support their plea of avoidance or to show that their signatures to the contract were obtained by fraud, the trial court clearly erred, under such condition of the pleadings and proof, in granting them the peremptory instruction moved for. The burden of establishing appellees' defense of fraud clearly rested upon them, and this burden they failed to meet by the introduction of any proof whatever, and it results that they were not entitled to the peremptory instruction granted.

Therefore we are constrained to hold that the trial court erred under such circumstances in granting defendants the peremptory instruction given, and that for such error the judgment upon the directed verdict is reversed, the verdict set aside, and a new trial granted for further proceedings consistent with this opinion.