# Flynn's Adm'r v. Flynn.

April 21, 1942.

Kennedy & Kennedy and J. S. Cooper for appellant.

B. J. Bethurum and E. T. Wesley & Son for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Robert Flynn sued the administrator of the estate of his father, J. D. Flynn, to recover compensation for services rendered him in driving a truck under an express

contract of employment. He alleged the services were reasonably worth $1,872.

The defendant denied every material allegation of the petition. In a second paragraph he alleged, in substance, that the decedent had operated a store at Burnside and also a farm on which the plaintiff lived as a tenant; that the plaintiff had purchased merchandise of his father of the value of $578; "that during said five years the plaintiff worked and performed certain services for the decedent"; that it was understood and agreed the accounts would be mutual and "all services rendered by the plaintiff were fully paid for by decedent"; that the merchandise "purchased by the plaintiff from decedent's store in the sum of $578 were purchased by him with the understanding that they were to be credited against such sums as might be due the plaintiff for work, labor or other services rendered by plaintiff to decedent"; and that the purchase price of the merchandise was "sufficient to and did fully compensate the plaintiff for any and all work, labor and services so rendered by the plaintiff to the decedent." In a third paragraph the defendant pleaded a compromise and agreement by the plaintiff to set off a store account against his claim. In a fourth paragraph it was pleaded alternatively that if other defenses should not be allowed, then that the store account be set off against any judgment recovered on the claim.

The judgment was for the plaintiff. The defendant, as appellant, maintains that he was entitled to a peremptory instruction because the plaintiff had pleaded an express contract and proved an implied contract, and because the evidence was too vague and indefinite.

We think the appellee's response is good, that the answer admitted the existence of a contract to perform the services declared, and that the issues were only as to the extent and value of the services. We do not know what was submitted to the jury as the instructions were not made a part of the bill of exceptions, and do not appear in the record elsewhere. It is true there was an explicit traverse of the allegations of a contract, but the affirmative admission of the second paragraph of the answer must be regarded as of controlling effect. It is clear that the nature of the plea of confession and avoidance of a contract is such as to make it inconsistent with a traverse of the existence of the contract if the plea be

not in the alternative or as a qualification, or if it is not based on the absence of some essential element of a contract in the instrument sued on, which goes to its validity, thereby precluding a recovery thereon—such as fraud or mistake or no consideration. 21 R. C. L. 547; Walsh v. Pearce, 148 Ky. 760, 147 S. W. 739. We have here an unqualified admission of the truth of the primary fact alleged. The plaintiff made no motion to elect as between inconsistent pleas and certainly the defendant can claim no advantage. The denial of the existence of the contract must be regarded as only a technical traverse and, considering it in connection with the affirmative defense, the inconsistency must yield to the averments of the other paragraphs of the answer. Caruso v. Brown, 142 Ky. 76, 133 S. W. 948; Ball v. George N. Eady Co., 193 Ky. 813, 237 S. W. 670. In the Caruso case the petition charged the defendant with personal liability on a note. The answer traversed the allegation of its execution and pleaded, in substance and effect, that the defendant was only an endorser and guarantor. It also pleaded payment, fraud and accord and satisfaction. Regarding the pleading as a whole, the affirmative allegations were considered consistent with the traverse, it being deemed technical or qualified. In Black v. Holloway, 41 S. W. 576, 19 Ky. Law Rep. 694, where it was claimed that the trial court had erred in requiring the defendant to elect between a denial that professional services had been rendered by the plaintiff and an affirmative plea that the services were unskillfully performed, the court held the ruling proper because the answer in reality set up only the one defense of the value of plaintiff's services.

In this case, however, we are not dealing with any question of inconsistent pleading. We are dealing merely with an explicit admission of the very thing charged in the petition now claimed not to have been proved; namely, the existence of a contract between the plaintiff and the decedent. We are of the opinion, therefore, that the court properly denied the peremptory instruction for the defendant on account of plaintiff's failure to prove an express contract of employment.

As indicated by the recitation of a portion of the pleading, the deceased ran a store at Burnside and owned a farm near by on which he and his son lived, though they occupied separate houses. The son culti-

vated a part of the land as a share cropper. The father owned a small truck and the evidence is that the son spent about one-half his time running the truck, hauling merchandise, and other commodities. It appears he delivered livestock for his father at the market in Somerset almost every week. It is incidentally shown that he also helped in operating the entire farm although this is quite indefinite. We gather from the evidence that the young man also used the truck a good deal for his own purposes. The defendant's evidence minimizes the extent of the services to the father. Proof as to their value, like that as to their extent, is not very definite. The several witnesses hesitatingly and uncertainly estimated it as being from $1 to $2 a day. The verdict was for $1,170 to be credited by the store account of $578. Calculation discloses the amount to be equivalent to pay for 130 weeks, or one-half time for five years, at $1.50 a day. We cannot say the evidence is too meager or unsatisfactory not to have authorized a submission of the issues to the jury.

Four or five witnesses, including one or more who were not financially interested, testified that the plaintiff had agreed with the administrator and heirs of his father that the amount charged against him on the books of the store should be set off against his claim for services. But he denied having made such an agreement. This, obviously, made an issue on that point for the jury.

We think the court properly overruled the defendant's motion for a peremptory instruction on the ground of insufficient evidence.

Judgment affirmed.