Taft, J.
Section 6 of the ordinance involved in this case specifies that each charge levied pursuant to the ordinance “is hereby made a lien upon the premises charged therewith” and that such charge if “not paid within 90 days * * * shall be * * * collected as other municipal taxes are.”
There are many provisions of that ordinance which clearly indicate that no charge is to be made against any land which is not connected with the sewage system of Delta. There are no provisions therein indicating that any charge should be made against land not so connected.
Although the defendant’s answer specifically denies the *419 allegations in plaintiff’s petition that the property of plaintiff involved in the instant ease is not connected with the sewage system of Delta, there are several specific allegations in the separate defenses of that answer which necessarily amount to an admission that there is no such connection, and there are no allegations therein indicating there is such a connection except the allegations that the effluent from plaintiff’s septic tank “passes through his leaching bed, percolates through the ground * * * to the surface * * * and flows into Bad Creek; that said condition existed prior to the construction of the sewage disposal and treatment system and still exists” and that plaintiff at the time of enactment of the foregoing ordinance “had a direct connection to and was served by the then existing sewerage system of * * * Delta by depositing his sewerage and the effluent therefrom into Bad Creek.”
There is nothing in the ordinance to indicate any intention to include Bad Creek as a part of the sewage system of Delta. On the contrary, that ordinance affirmatively indicates an intention that the sewage system was specifically designed “to eliminate and prevent the pollution of streams” such as Bad Creek “by the * * * discharge of * * * sewage” therein. See Section 3701.59, Revised Code, indicating it would be unlawful for the village to use that creek as a part of its sewage system. See also Ford v. City of Toledo (1901), 64 Ohio St., 92, 99, 59 N. E., 779.
In our opinion, where a defendant has specifically denied in one part of his answer a material'fact which plaintiff has alleged and must prove in order to establish his case and defendant has also in another part of such answer made affirmative allegations which necessarily amount to admissions of such material fact, defendant is bound by such judicial admissions and plaintiff need not offer any evidence tending to prove such fact. Flynn’s Admr. v. Flynn (1942), 290 Ky., 383, 161 S. W. (2d), 608. See Reiff v. Mullholland (1901), 65 Ohio St., 178, 62 N. E., 124. Cf. Citizens Bank v. Closson (1875), 29 Ohio St., 78, where the admissions were, in effect, conditioned upon a finding against the pleader on the denial.
We have therefore a record which contains judicial admis *420 sions by defendant to the effect that plaintiff’s land was not connected to Delta’s sewage system, that the ordinance provides for no charge or assessment against land not connected to snch system and that defendant has made such an assessment which is a lien on plaintiff’s land.
On the basis of these judicial admissions, plaintiff would be entitled to an injunction against attempts to collect that assessment.
Defendant contends that, since the Court of Appeals specifically stated in its journal entry “that the evidence does not show a clear right to injunctive relief” (the relief sought by plaintiff) and since there is no bill of exceptions to disclose what evidence was before the Court of Appeals, the judgment of the Court of Appeals must be affirmed by reason of decisions of this court such as those in DeMoss v. Conart Motor Sales, Inc. (1948) , 149 Ohio St., 299, 78 N. E. (2d), 675; Viering v. Scott (1949) , 152 Ohio St., 211, 88 N. E. (2d), 921; and Knowlson v. Bellman (1953), 160 Ohio St., 359, 116 N. E. (2d), 430.
It is elementary that a party who has alleged and has the burden of proving a material fact need not offer any evidence to prove that fact if it is judicially admitted by the pleadings of the adverse party. In such an instance, any evidence with respect to that fact can have no material effect. Trepanier v. Toledo & Ohio Central Ry. Co. (1921), 102 Ohio St., 69, 79, 80, 130 N. E., 558.
Defendant’s answer discloses no affirmative defense such as laches upon which evidence might have been offered to support a judgment adverse to plaintiff.
Where all the facts essential to support a party’s claim for relief are established by the judicial admissions of the opposite party in the pleadings and no affirmative defense to the relief sought is set forth in the pleadings, the party seeking such relief is entitled to a judgment reversing the judgment of a Court of Appeals in a trial on law and fact denying such relief, even though there may be no bill of exceptions setting forth the evidence before such trial court. See Reiff v. Mullholland, supra, (65 Ohio St., 178); Insurance Co. v. Brecheisen (1893), 50 Ohio St., 542, 546, 549, 35 N. E., 53; Risk v. Delphos Building & Savings Assn. (1877), 31 Ohio St., 517, 519.
*421 It follows that the judgment of the Court of Appeals must be reversed and final judgment rendered for the appellant.

Judgment reversed.

Zimmerman, acting C. J., Doyle, Matthias, Bell, Herbert and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Zimmerman, J. ■